IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robbie Mouzon, | ) | C/A No.: 1:13-818-RBH-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| James Metts, Sheriff; James Clawson, Officer; Sgt. Hair; and Aubrey Kelly; individually and in their official capacities, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee at Lexington County Detention Center ("LCDC"). He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Defendants James Clawson, Sgt. Hair, and Aubrey Kelly are officials at LCDC, and defendant James Metts ("Metts") is the Lexington County Sheriff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss Metts from this action without prejudice and without issuance and service of process. In a separately-docketed order, the undersigned has authorized service against defendants Clawson, Hair, and Kelly.

I.   Factual and Procedural Background

Plaintiff complains of an incident on February 10, 2013, involving defendants

Kelly and Hair. *Id.* at 4–6. During a dispute with Kelly, Plaintiff alleges that he asked for a supervisor per LCDC policy and that defendant Hair responded. *Id.* at 4. Plaintiff claims that while defendant Hair held him in a wrist-lock, defendant Kelly shoved him in the back. *Id.* Plaintiff contends that this action forced the cell door into his back, aggravating a pre-existing injury. *Id.* at 4–5. He alleges that he requested medical attention, but was denied. *Id.* at 5. Plaintiff avers that Lexington County does not provide excessive force training to its officers, which is evidence of deliberate indifference. *Id.* at 6.

Plaintiff alleges that when he filed a grievance on February 11, 2013, there was no write-up in the jail management system despite an LCDC policy requiring that officers record any incident prior to leaving the shift during which the incident occurred. *Id.* at 5. Plaintiff claims that the defendants later conspired to forge documents related to the incident in the jail management system. *Id.* at 5–6.

Plaintiff asserts that he received four disciplinary charges on February 15, 2013. *Id.* at 6. He alleges that he did not receive 24-hours notice prior to his disciplinary hearing. [Entry #1 at 3]. He further alleges that at his hearing, over which defendant Clawson presided, he was not allowed to present witnesses in violation of his due process rights. *Id.* at 6. He states that he was found guilty and put in isolation for 14 days. *Id.* Plaintiff claims that defendant Clawson retaliated against him and falsely imprisoned him by keeping him in isolation for 31 additional days. *Id.* at 7–8.

Plaintiff alleges continuing back pain; complains of pain, suffering, physical

2

injury, and emotional distress; and seeks declaratory, injunctive, and monetary relief. *Id.* at 7, 10–11.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

Plaintiff asserts a claim of supervisory liability against Metts.  [Entry #1 at 10].  While supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), certain criteria must be demonstrated to trigger such liability.  A plaintiff must show that the supervisory official (1) was actually or constructively aware of a risk of constitutional injury, (2) was deliberately indifferent to that risk, and (3) that an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.  *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999).

Plaintiff's complaint fails to demonstrate that Metts was aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff.  Plaintiff does not assert that Metts was involved in the incident on February 10, 2013, or in the subsequent disciplinary proceedings.  Plaintiff does not allege that Metts directed his employees to commit any of the alleged constitutional violations.  Rather, Plaintiff contends that Metts was on duty when his rights were violated and that Metts failed to act or investigate after allegedly being notified that Plaintiff's rights had been violated.  [Entry #1 at 10].  These allegations are insufficient to establish a causal link between the alleged inaction of Metts

4

and Plaintiff's constitutional injuries, particularly because Plaintiff appears to allege that Metts was unaware of the violations until after they occurred. Consequently, the undersigned recommends that Metts be dismissed as a defendant.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that defendant James Metts be dismissed from this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 20, 2013                                                      Shiva V. Hodges
Columbia, South Carolina                                  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).