IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robbie Mouzon, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>James Metts, Sheriff; James Clawson, )<br>Officer; Sgt. Hair; and Aubrey Kelly; )<br>individually and in their official )<br>capacities, )<br>)<br>Defendants. )<br>) | C/A No.: 1:13-818-RBH-SVH<br><br><br>ORDER |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Lexington County Detention Center. Currently before the court is Plaintiff's motion to appoint counsel [Entry #38] and Plaintiff's motion for copies [Entry #39]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I.      Motion to appoint counsel

Plaintiff alleges in his third motion to appoint counsel that he has no access to a law library. [Entry #38]. The Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented which would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases,

the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his or her case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

II.     Motion for copies of documents

Plaintiff requests free copies of documents electronically filed in this matter, citing to the Judicial Conference's policy permitting attorneys of record and parties in a case to receive one free electronic copy of all documents filed electronically. [Entry #39]. This is a notice to "Public Access Users," who are granted a free electronic copy of each document. Pursuant to the District of South Carolina's Electronic Case Filing Policies and Procedures ("ECFPP") dated May 12, 2006, pro se parties shall be served with electronically-filed documents through traditional service, which is defined as "service of a paper copy of a document using the forms of service authorized under the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure." ECFPP, secs. 1.12, 11.2.2. Plaintiff's motion to receive copies of documents filed electronically in this case beyond that provided by ECFPP is denied.

III.    Conclusion

For the foregoing reasons, Plaintiff's motions for appointment of counsel [Entry #38] and for a free electronic copy [Entry #39] are denied.

IT IS SO ORDERED.

*Shiva V. Hodges*

August 9, 2013                             Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

2