IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Robbie Mouzon, | ) | C/A No.: 1:13-818-RBH-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| James Metts, Sheriff; James Clawson, Officer; Sgt. Hair; and Aubrey Kelly; individually and in their official capacities, | ) | |
| Defendants. | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at the Lexington County Detention Center ("LCDC"). This matter comes before the court on Plaintiff's motion to compel [Entry #43] and motion to amend [Entry #44]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

I. Motion to Compel

In his motion to compel, Plaintiff generally requests all documents and discovery related to this case. [Entry #43]. Defendants argue that Plaintiff has failed to serve them with any discovery, and any requests at this point would be untimely because the scheduling order requires that all discovery requests be served in time for the responses thereto to be served by September 20, 2013. [Entry #45]. In his reply, Plaintiff claims that the mailroom at LCDC has been holding his mail, thereby delaying his filings. [Entry #47]. The undersigned construes Plaintiff's motion as requesting an extension of the

discovery deadline. Plaintiff's motion is granted, and the discovery deadline is extended to November 21, 2013. Plaintiff is advised that in order to meet the new deadline, he must serve by October 22, 2013, specific and enumerated discovery requests pursuant to Fed. R. Civ. P. 33 and 34. As Plaintiff has previously been advised [Entry #33], requests for discovery should be served on counsel for Defendants and should not be filed with the court absent a dispute between the parties after previous service. Plaintiff's failure to comply with the Federal Rules of Civil Procedure may result in a denial of Plaintiff's motions.

Defendants are directed to respond to Plaintiff's discovery requests, if any, in accordance with the Federal Rules of Civil Procedure. The undersigned will issue an amended scheduling order reflecting the extension.

II. Motion to Amend

Plaintiff's motion to amend, filed August 29, 2013, seeks to add claims for events taking place subsequent to the incident in the original complaint. [Entry #44]. Defendants argue that the motion is untimely as the deadline for motions to amend the pleadings was August 21, 2013. [Entry #46].

"[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

In the instant case, the amendment would be prejudicial to Defendants. Plaintiff's proposed amendment is untimely and seeks to add claims and allegations that did not arise out of the same transaction or occurrence as the allegations of the original complaint. At this stage in the litigation, Defendants should not be required to defend against new claims in this case that do not arise out of the same incident as described in the complaint. Additionally, Plaintiff will not be prejudiced by a denial of the motion to amend, as he may bring the new claims in a new civil action. Therefore, Plaintiff's motion to amend is denied.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to compel [Entry #43] is granted to the extent it seeks additional time to serve proper discovery requests under the Federal Rule of Civil Procedure. Plaintiff's motion to amend is denied. [Entry #44].

IT IS SO ORDERED.

October 8, 2013  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge