IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robbie Mouzon, ) | Civil Action No.: 1:13-cv-00818-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James Metts, Sheriff; James ) | |
| Clawson, Officer; Sgt. Hair; and ) | |
| Aubrey Kelly; individually and in ) | |
| their official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Robbie Mouzon, a state pretrial detainee proceeding *pro* se, filed this action alleging that the above-captioned Defendants violated his constitutional rights. The matter is now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims against Defendant James Metts *without prejudice* and without issuance of service of process for failing to state a claim.

Plaintiff, who is detained at the Lexington County Detention Center, filed this action under 42 U.S.C. § 1983 in March 2013. Compl., ECF No. 1. He alleges that Defendant Metts failed to properly supervise his staff, who violated Plaintiff's constitutional rights when they used excessive force and were deliberately indifferent to his medical needs.[2] The Magistrate Judge issued her R&R on June 20, 2013, recommending that the Court dismiss Plaintiff's claims against Defendant Metts

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the Magistrate Judge's recommendation relates only to Defendant Metts, a discussion of the facts pertaining to the other Defendants is unnecessary. Moreover, because the facts are adequately stated by the Magistrate Judge in the R&R, which the Court adopts, the Court need not elaborate any further.

for Plaintiff's failure to state a claim. R&R 5, ECF No. 19.  Plaintiff filed timely objections to the R&R. Pl.'s Objs., ECF No. 23.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*  Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Magistrate Judge recommends dismissing Plaintiff's claims against only Defendant Metts. R&R 4–5.  Specifically, the Magistrate Judge notes that Plaintiff's only allegations concerning Defendant Metts are that he was "legally responsible for the operation and all actions of his employees," "was on duty at any and all times," and "did not act or investigate" the allegations. *Id.* at 4; Compl. 2, 10.  Accordingly, the Magistrate Judge concludes that Plaintiff's allegations are insufficient to state a supervisory claim under § 1983 against Defendant Metts. R&R 4. In his

2

objections, Plaintiff incorporates additional facts, contending ultimately that Defendant Metts "should not be dismissed due to the fact that his officers are his responsibility." Plaintiff argues that he should not be "at fault" because "the supervisors involved failed their duties and didn't notify Sheriff Metts." *Id.* at 3.

First, as to the new facts Plaintiff alleges in his objections, the Court notes that Plaintiff cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant Metts. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (noting that it is a district court's duty to review "all *arguments* . . . regardless of whether they were raised before the magistrate" (emphasis added)). Second, Plaintiff appears to concede in his objections that Defendant Metts was unaware of the actions that led to Plaintiff's alleged constitutional injury. Without the requisite knowledge of his subordinates' actions, Defendant Metts cannot be held liable individually as a supervisor. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999) ("A plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." (internal quotation marks omitted)). As such, the Magistrate Judge's recommendation is proper, and Plaintiff's objections are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the

Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's claims against Defendant James Metts are **DISMISSED** *without prejudice* and without issuance of service of process.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
October 18, 2013