IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robbie Mouzon, )<br>)<br>             Plaintiff, )<br>)<br>vs. )<br>)<br>James Clawson, Officer; Sgt. Hair; and )<br>Aubrey Kelly; individually and in their )<br>official capacities, )<br>)<br>             Defendants. )<br>) | C/A No.: 1:13-818-RBH-SVH<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding pro se and in forma pauperis, is a pretrial detainee at Lexington County Detention Center ("LCDC"). He brings this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the following defendants: Officer James Clawson, Sgt. Hare,[1] and Aubrey Kelly. This matter comes before the court on Defendants' motion for summary judgment. [Entry #68]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #69]. The motion having been fully briefed [Entry #76, #77], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.), this matter has been assigned to the undersigned for all pretrial proceedings. Having carefully considered the parties' submissions and the record in this

---

[1] Defendants indicate that "Hare" is the correct spelling of the Sergeant's name. [Entry #68-1, n. 1].

case, the undersigned recommends the district judge grant Defendants' motion for summary judgment because Plaintiff failed to exhaust his administrative remedies.

I.  Factual and Procedural Background

Plaintiff alleges that during a dispute on February 10, 2013, Hare held Plaintiff in a wrist-lock while Kelly shoved Plaintiff in the back. [Entry #1 at 4–6]. Plaintiff contends that this action forced the cell door into his back, aggravating a pre-existing injury. *Id.* at 4–5. He alleges that he requested, but was denied, medical attention. *Id.* at 5. Plaintiff alleges that he filed a grievance on February 11, 2013, and received a response indicating that the case was closed. *Id.*

Plaintiff asserts that he received four disciplinary charges on February 15, 2013. *Id.* at 6. He alleges that he did not receive 24-hours' notice prior to his disciplinary hearing. [Entry #1 at 3]. He further alleges that at his hearing, over which Clawson presided, he was not allowed to present witnesses in violation of his due process rights. *Id.* at 6. He states that he was found guilty and put in isolation for 14 days. *Id.* Plaintiff claims that Clawson retaliated against him and falsely imprisoned him by keeping him in isolation for 31 additional days. *Id.* at 7–8.

Plaintiff alleges pain and suffering, physical injury, and emotional distress and seeks declaratory, injunctive, and monetary relief. *Id.* at 7, 10–11.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

Defendants argue that Plaintiff failed to exhaust his administrative remedies for his claims and they are therefore barred. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211, (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. Although PLRA exhaustion is not jurisdictional, failure to exhaust is an affirmative defense that can be pleaded by the defendants. *Jones*, 549 U.S. at 216. No unexhausted claims may be considered by the court; such claims must be dismissed. *Jones*, 549 U.S. at 211. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

4

The administrators of the LCDC have an established inmate grievance procedure that allows detainees to grieve issues related to the conditions of their confinement. [Entry #68-3 at 2]. The detainee grievance procedure is available to all LCDC detainees. *Id*. A detainee must first file a grievance with the housing officer. *Id*. That grievance must be responded to by the grievance manager within ten days. *Id*. If the detainee is dissatisfied with the response to his grievance, he must appeal the response within five days. *Id*. The jail administrator has the final agency determination for the detainee grievances. *Id*.

On February 19, 2013, Plaintiff filed a grievance regarding the alleged excessive force violations by defendants Hare and Kelly and retaliation by Clawson. [Entry #68-4]. On February 20, 2013, LCDC grievance coordinator Melissa Lyons responded to Plaintiff's grievance and indicated that "The matter of the supposed assault AGAINST [Plaintiff] was closed," but that Plaintiff still faced a disciplinary hearing. *Id*. (emphasis in original). Plaintiff did not appeal his grievance regarding the alleged use of excessive force on February 10, 2013. [Entry #68-3 at 2]. Further, Plaintiff never filed a grievance for the alleged due process violations or denial of medical care. *Id*. at 2–3.

Plaintiff argues that he filed three additional grievances with LCDC. [Entry #76 at 4]. However, the documents he attaches in support are marked by Plaintiff as "other" instead of a "grievance" or "appeal." [Entry #76-2]. Additionally, the documents are requests to discuss the incident with specific officials so that he may press criminal charges. *Id*. Plaintiff also argues that it is "utter nonsense" for Defendants to suggest that

he should have further pursued his allegations with the LCDC after receiving Lyons' response indicating the matter was closed. [Entry #76 at 4].

Although Plaintiff may have believed that appealing his grievance in this matter would not have provided him with the requested relief, his failure to do so bars this action. The *Woodford* Court stated that "[a]dministrative law requires proper exhaustion of administrative remedies which means using all steps that the agency holds out, and doing so properly." 548 U.S. at 90–91 (internal quotations and citations omitted). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including § 1983. *Id.* Therefore, the undersigned recommends Defendants' motion for summary judgment be granted for Plaintiff's failure to properly exhaust his administrative remedies.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment be granted and this case be dismissed. If the district judge accepts this recommendation, the following motions will be rendered moot: 1) Plaintiff's motion for access to a law library [Entry #54]; (2) Plaintiff's motion for a medical examination [Entry #57]; (3) Plaintiff's motion for default judgment [Entry #62]; and (4) Plaintiff's motion to compel [Entry #63].[2]

---

[2] The undersigned notes that because exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed, *Jones*, 549 U.S. at 216, and because Plaintiff does not dispute that he failed to appeal his grievance, the outcome of Plaintiff's motion would not have affected the recommendation in this matter.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 28, 2014                              Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).