IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robbie Mouzon, ) | Civil Action No.: 1:13-cv-00818-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| James Clawson, Officer; Sgt. Hair; ) | |
| and Aubrey Kelly; individually and ) | |
| in their official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Shiva V. Hodges.[1] Defendants jointly filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Plaintiff submitted a timely response to Defendants' motion. Plaintiff, moreover, filed several motions.[2] In the R&R, the Magistrate Judge recommends that the Court grant Defendants' motion for summary judgment due to Plaintiff's failure to exhaust his administrative remedies. Furthermore, the Magistrate Judge reports that Plaintiff's motions are rendered moot as a result of the dismissal of the action.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Plaintiff filed a "Motion to be Accommodated with Access to the Law" (ECF No. 54), a "Motion for Medical Examination" (ECF No. 57), a "Motion for Judgment by Default" (ECF No 62), and a "Motion for Order Directing Defendants to Comply with his Discovery Requests" (ECF No. 63). Because the Magistrate Judge recommends granting Defendants' motion for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies, the Magistrate Judge reports that all four of Plaintiff's motions are moot. Indeed, the Magistrate Judge notes that the exhaustion requirement "is a threshold requirement that must be satisfied in order for prisoner complaints to proceed." R&R 6 n.2.

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, a state pretrial detainee proceeding *pro se*, filed this action in March 2013. Plaintiff, who is currently detained in the Lexington County Detention Center, alleges he was assaulted, denied medical attention, and then retaliated against by Defendants, who are all officials at the detention center.[3]  On January 16, 2014, Defendants jointly filed a motion for summary judgment, contending, among other arguments, that Plaintiff failed to exhaust all of his available administrative remedies. Specifically, they maintain that he did not appeal his initial grievance as he was required to do. Moreover, they point out that there are several issues raised in this action that were never raised to detention center officials in a grievance. After having been put on notice, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), of the consequences of summary judgment, Plaintiff timely responded to their motion. The Magistrate Judge then issued her R&R on March, 28, 2014, recommending that summary judgment be granted in favor of Defendants on the basis of Plaintiff's failure to exhaust. R&R, ECF No. 78. Plaintiff filed timely objections. Pl.'s Objs., ECF No. 80.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

---

[3] Because the undisputed, material facts are adequately stated in the Magistrate Judge's R&R, which the Court adopts, the Court need not elaborate on them further.

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motion for summary judgment. Specifically, the Magistrate Judge reports that Plaintiff failed to appeal his grievance and, therefore, to exhaust his administrative remedies properly prior to filing this action. In his objections, Plaintiff contends (1) that the exhaustion requirement is applicable only to prison conditions, (2) that Defendants were given ample time to address Plaintiff's complaints before he filed this action, and (3) that Defendants have failed to show that Plaintiff knew he was required to appeal his grievance. Plaintiff does not dispute the fact that he failed to appeal is grievance. Instead, he objects to the dismissal of his case on what he characterizes as a "technicality."

The Prison Litigation Reform Act ("PLRA"), as the Magistrate Judge notes, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. The claims alleged by Plaintiff fall squarely under the PLRA. *See, e.g.*, *Porter v. Nussle*, 534 U.S. 516, 532

(2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Here, Plaintiff proffers no evidence to dispute genuinely an affidavit by Melissa Lyons, the Grievance Manager for the detention center. She attested that "[a]ll detainees have access to [the] grievance procedure." ECF No. 68-3, at 2. Moreover, she explained that a "detainee must appeal the [initial] response up the chain of command" within five days after the disposition of the initial grievance. *Id.* Finally, she notes that she received an initial grievance from Plaintiff but that Plaintiff never appealed her response to the initial grievance. *Id.* Plaintiff does not dispute these facts. In his response and objections, he argues only that he had notified several officials of his complaints and given them ample time to address them. Moreover, he contends he was unaware that he was required to appeal is initial grievance.

Simply notifying officials at the detention center and giving them time to respond, however, is not sufficient to exhaust the PLRA's exhaustion requirement. It is established that prisoners must follow the procedures in place. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."). Moreover, any disputed fact that Plaintiff was unaware that he had to appeal his grievance is immaterial under the PLRA. After all, the evidence is undisputed that the procedures were available to all detainees, including Plaintiff. *See, e.g.*, *Graham v. Cnty. of Gloucester, Va.*, 668 F.Supp.2d 734, 741 (E.D. Va. 2009) ("[A] prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies."). Accordingly, Plaintiff's objections are without merit.

#### CONCLUSION

The Court has thoroughly reviewed the entire record, including the motions, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the R&R of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (ECF No. 68) is **GRANTED** on the issue of Plaintiff's failure to exhaust and that Plaintiff's complaint is **DISMISSED** *without prejudice*. Plaintiff's "Motion to be Accommodated with Access to the Law" (ECF No. 54), "Motion for Medical Examination" (ECF No. 57), "Motion for Judgment by Default" (ECF No 62), and "Motion for Order Directing Defendants to Comply with his Discovery Requests" (ECF No. 63) are deemed **MOOT**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

April 25, 2014
Florence, South Carolina